**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **JOSE CARLOS LANDIN-LOPEZ,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2424-D** |
| | ) | |
| **WARDEN, Diamondback Correctional Facility, et al.,** | ) | |
| | ) | |
| | ) | |
| **Respondents.** | ) | |

## REPORT AND RECOMMENDATION

Petitioner Jose Carlos Landin-Lopez, a noncitizen[1] and Mexican national, filed through counsel an Amended Petition for Writ of Habeas Corpus ("Amended Petition"), Doc. 7, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule, Doc. 8, and the Amended Petition is at issue. For the reasons below, the undersigned recommends that the Court deny the Amended Petition.

## I. Background

Petitioner, a citizen of Mexico, entered the United States in 1995. Am. Pet. at 12. In February 2026, ICE detained Petitioner and placed him into removal proceedings before

---

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

the Immigration Court under 8 U.S.C. § 1229a, charging him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Pet. at 12. Petitioner filed for adjustment of status in the immigration court, which was denied on August 27, 2026. *Id.*

Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) but acknowledge binding Tenth Circuit precedent holds otherwise. Resp. at 1. After Petitioner filed his Amended Petition, he "filed a bond motion with the Executive Office of Immigration Review." *Id.* at 2. On October 30, 2026, "Petitioner's motion for custody redetermination was denied because he was found to pose a danger to the community and a significant flight risk." Doc. 13 at 1; *see also* Doc. 13-1 at 3-5 (Immigration Judge ("IJ") Bond Order).

When Petitioner filed his Amended Petition, he was detained at Diamondback Correctional Facility in Watonga, Oklahoma. Am. Pet. at 2; Doc. 7-1 at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Nov. 13, 2026).

## II. <u>Petitioner's Claims</u>

Petitioner asserts two counts in his Amended Petition.

- **Count I: Violation of the Immigration and Nationality Act ("INA").** Petitioner alleges his continued detention under 8 U.S.C. § 1225(b)(2) is unlawful and violates the INA because that provision does not apply to those noncitizens, like him, who previously entered the country and have been residing in the United States before being apprehended and placed in removal proceedings. Am. Pet. at 13-14.

- **Count II: Violation of Due Process**. Petitioner alleges his continued detention without an individualized bond redetermination hearing violates his right to due process. *Id*. at 14-15.

He asks the Court to issue a Writ of Habeas Corpus "requiring Respondents to provide [him] a custody determination under 8 U.S.C. § 1226(a), including a prompt bond hearing before an [IJ], or such other relief as the Court deems appropriate." Am. Pet. at 15.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Petitioner's detention is governed by § 1226(a).

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles

the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Petitioner alleges he is properly detained under § 1226(a)—not § 1225(b)(2)(A)—because he is not "seeking admission." Am. Pet. at 13. Respondents maintain Petitioner is detained under § 1225(b)(2)(A) but acknowledge *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026) compels a different outcome. Resp. at 1.[2]

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Colin v. Holt*, CIV-25-1189-D, 2025 WL 3645176, at *5 (W.D. Okla. Dec. 16, 2025), the Court should apply § 1226(a) to govern Petitioner's current detention. *See Zhong v. Gantt*, No. CIV-26-1324-D, 2026 WL

[2] In their Notice informing the Court Petitioner already had a bond hearing filed in response to the Court's order for additional information, Respondents now "respectfully request the Petition in this matter dismissed as moot." Doc. 13 at 2.

2113998, at *2 (W.D. Okla. July 22, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[3]

**B. The most Petitioner is entitled to is a bond hearing, but such a hearing already occurred.**

Consistent with this Court's recent approach, the undersigned would typically recommend Petitioner be afforded a constitutionally sufficient, individualized bond hearing under § 1226(a). *See Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Zhong*, 2026 WL 2113998, at *2 (concluding because § 1226(a) governs petitioner's detention, he "is therefore entitled to a bond hearing"). "Petitioner is entitled to the custody procedures provided by [§ 1226(a)]," and "the statute provides the Department of Homeland Security the discretion to either detain a noncitizen or release the noncitizen on bond." *Karimov v. Cerna*, No. CIV-26-304-R, 2026 WL 950130, at *1 (W.D. Okla. Apr. 8, 2026) (citation

---

[3] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guadian*, 190 F.4th 305, 334-35 (4th Cir. 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

modified). As such, "an individualized custody redetermination hearing would provide Petitioner with the process he is due under the statute." *Id.* (citation modified).

However, Petitioner recently received a bond hearing on October 30, 2026. An IJ denied Petitioner's bond request after finding he "poses both a danger to the community and a significant risk of flight." Doc. 13-1 at 3-5. This Court cannot review the discretionary determination of the IJ. The determination of bond under § 1226(a) is within the purview of the IJ, who considers whether a noncitizen is a flight risk or a danger to the community. 8 C.F.R. § 236.1(c). Further, § 1226(e) "strips federal courts of jurisdiction to hear challenges to an IJ's discretionary decision to keep a noncitizen in detention." *Nucamendiz v. Hyde*, No. 25-CV-13851, 2026 WL 221449, at *1 (D. Mass. Jan. 28, 2026) (citation modified); *see also Mwangi v. Terry*, 465 F. App'x 784, 787 (10th Cir. 2012) (citing § 1226(e) and noting "the Attorney General's exercise of discretion is not subject to judicial review"). "Thus, a district court has no jurisdiction to consider a habeas petitioner's challenge to the decision to either grant or deny bond." *Kumar v. De Anda-Ybarra*, No. CIV-26-164-R, 2026 WL 753944, at *2 (W.D. Okla. Mar. 17, 2026).

**C. The Court should decline to address Petitioner's due process claim.**

Petitioner also argues his continued detention without a bond hearing violates his right to due process. Am. Pet. at 14-15. If the Court adopts the undersigned's recommendation that Petitioner be denied relief of a bond hearing, the Court should also deny relief on his remaining claim alleging a violation of his due process rights because, at most, he would only be entitled to relief in the form of a bond hearing, which he has already received. *See, e.g.*, *Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the

relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **DENY** the Amended Petition, Doc. 7, for habeas relief. The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 30, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **December 7, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 13th day of November, 2026.

Chris M. Stephens
CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE